JERRY HERNANDEZ
ATTORNEY AT LAW
BAR #13021
115 W. HU-ESTA DR.
TEMPE, AZ  85282
(480) 231-3053

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>ERNESTO TRINIDAD GUERRA-LOPEZ,<br><br>        Defendant. | CR 06-0835-PHX-FJM<br>(Assigned to the Honorable Frederick J. Martone)<br><br>**DEFENDANT'S PRE-SENTENCE MEMORANDUM** |

Comes now the defendant, Ernesto Trinidad Guerra-Lopez, and respectively submits the following pre-sentence memorandum.

MEMORANDUM OF POINTS AND AUTHORITIES

The defendant has reviewed the Government's sentencing memorandum dated August 13, 2007. The defendant agrees with the facts and procedural history and law and application sections as set forth in the Government's pleading.  Mr. Guerra-Lopez would

1   like to amplify upon the Government's <u>Reyes</u> analysis and its application to him.

2

3

4        In <u>U.S. v. Reyes</u>, 8 f.3d 1379, 1387 (9th Cir. 1993) the court articulated the

5   proposition that career offender sentencing ranges resulting in exceptional disparities in

6   sentencing were not adequately considered by the sentencing commission.  Consequently,

7   it is permissible for the District Court to downward depart where a defendant's instant

8

9   and prior offenses grossly over represent the seriousness of his criminal conduct, yet

10  trigger the career offender provisions of U.S.S.G. §4B1.1 <u>Reyes</u> at 1387.

11

12
     The <u>Reyes</u> court's analysis of 4A1.3 and 4B1.1 is predicated on the proposition
13

14  that "one of the three principles upon which the sentencing guidelines is founded is

15  "proportionality in sentencing through a system that imposes appropriately different

16  sentences for criminal conduct of differing severity."  <u>Reyes</u> at 1385.

17

18

19       The "proportionality" principle is violated when a penalty range is not sufficient to

20  differentiate between two offenders with the same base offense level, yet whose offenses

21
    differ by exceptional orders of magnitude.  <u>Reyes</u> at 1386.
22

23

24       The defendant's 1998 and 2001 convictions involved 20 and 28 kilograms of

25  marijuana respectively. Both these amounts are level 18 for guideline purposes.  (20 – 40

26
    kg's) U.S.S.G. 2D1.1.   The statutory maximum penalty for these amounts is <u>5 years</u>.
27

28

U.S.S.G. §§841 (a)(1) and 841 (b)(1)(D).

The amount of marijuana involved in the instant offense (139 kg's) is a level 26 for guideline purposes. As noted in the Government's memorandum, this quantity of marijuana has the same potential statutory punishment as someone trafficking in 1000 kilograms of marijuana (5-40 years).

Hypothetical defendant "A" could be convicted of possessing with intent to distribute 950 kilograms of marijuana. That is approximately seven times the amount this defendant possessed. Hypothetical defendant "A" would of course have two predicate drug trafficking offenses, triggering U.S.S.G. §4B1.1. One or both of these predicate priors could be of much greater severity and magnitude than the defendant's two level 18 prior offenses.

The court should downward depart from the guideline range for imprisonment (188-235 months). That range would not differentiate between the defendant's offenses and a different defendant in the same sentencing range whose offenses were much worse.

The defendant first served 10 months for the offense in 1998. He served 20 months for the 2001 conviction. A sentence at or near the statutory minimum of five years would triple the 2001 penalty. 80 months would quadruple the 2001 penalty. The

1  defendant feels that somewhere between 60 and 80 months would address the recidivism
2  concerns of U.S.S.G. §4B1.1 and address the proportionality concerns of U.S.S.G.
3  §4A1.3.

Respectfully submitted August 16, 2007

s/   JERRY HERNANDEZ

JERRY HERNANDEZ
115 W. Hu-Esta Dr.
Tempe, Arizona 85282
BAR #13021

I hereby certify that on August 16, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECT registrants:

Tim Andrews
Assistant United States Attorney

Copy Mailed to:

Ernesto Trinidad Guerra-Lopez
Defendant